## UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
**JULIEN XAVIER NEALS**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING
BUILDING & U.S. COURTHOUSE
50 WALNUT STREET
NEWARK, NJ 07102
973-645-6042

August 9, 2021

### **LETTER OPINION**

Re:   **LEVINE v. BLOCKFI INC. et al**
      **Civil Action No. 21-11934 (JXN) (JBC)**

Dear Counsel:

Before this Court is Plaintiff Benjamin Levine's ("Plaintiff") Motion for an Order to Show Cause for a Preliminary Injunction [ECF No. 18] enjoining BlockFi Inc., BlockFi Lending LLC, and BlockFi Trading LLC (collectively "BlockFi") to (1) return the 325 Bitcoins to Plaintiff, and (2) release the assets in Plaintiff's Interest Account. For the reasons discussed herein, and on the record, Plaintiff's Motion for an Order to Show Cause for a Preliminary Injunction is **DENIED**.

### I.   BACKGROUND

This case is about who is the rightful owner of 329 Bitcoins worth over $16 million, which were transferred to Plaintiff's BlockFi Interest Account on May 14, 2021. Amended Complaint ("Am. Compl."), ECF No. 17 ¶ 1. In the days that follow, BlockFi was able to retrieve 325 of the 329 Bitcoins that it claims were "erroneously" credited to Plaintiff's account. *Id.* ¶¶ 61-63; ECF No. 20 at 2. Believing that he is entitled to the Bitcoins, Plaintiff initiated this lawsuit against BlockFi alleging four causes of action for (1) declaratory judgment, (2) conversion, (3) promissory estoppel, and (4) negligence. Compl., ECF No. 1.

On July 26, 2021, nearly two months after this action was commenced, Plaintiff filed an Amended Complaint, asserting for the first time that he entered into a "Stock Purchase Agreement," under which he purportedly agreed to pay 315 Bitcoins by August 15, 2021, to acquire a stake in a company called D9 Manufacturing, Inc.  Am. Compl ¶¶ 52-54, 78, 93.  On the same date, Plaintiff filed an application for an order to show cause why a preliminary injunction should not be entered enjoining BlockFi to (1) return the 325 Bitcoins to Plaintiff, and (2) release the assets in Plaintiff's Interest Account.  Order to Show Cause ("OTSC"), ECF No. 18-21, at 33.  Following oral argument on Plaintiff's motion, the Court denied Plaintiff's request for a preliminary injunction with respect to his claims regarding the return of 325 Bitcoins.  Letter Order, ECF No. 26; OTSC Tr. 32:11, ECF No. 30.  The Court reserved its decision on the issue related to Plaintiff's Interest Account until the parties had an opportunity to fully brief the issue.  *Id.*; OTSC Tr. 32:12-21.  Having received the parties' supplemental papers, the issue is now ripe for the Court to decide.

## II.   LEGAL STANDARD

"Preliminary injunctive relief is an 'extraordinary remedy, which should be granted only in limited circumstances.'"  *Ferring Pharms., Inc. v. Watson Pharms., Inc.*, 765 F.3d 205, 210 (3d Cir. 2014) (quoting *Novartis Consumer Health, Inc. v. Johnson & Johnson-Merck Consumer Pharms. Co.*, 290 F.3d 578, 586 (3d Cir. 2002)).  "A plaintiff seeking a preliminary injunction must establish that he is [1] likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest."  *Ferring*, 765 F.3d at 210 (quoting *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008)).  The first two factors are the "most critical," and the Court considers these "gateway factors" before the third and fourth factors.  *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017).  Only if a plaintiff meets the threshold for these gateway factors does the

Court consider the remaining factors; a plaintiff's failure to establish the gateway factors in its favor renders a preliminary injunction inappropriate. *Id.*

## III. DISCUSSION

Consistent with Third Circuit precedent, this Court need not analyze every factor of the preliminary injunction analysis because Plaintiff has not established a risk of immediate irreparable harm. *See Beberman v. United States Department of State*, 675 Fed.Appx. 131, 135 (3d. Cir. 2017) (stating that "[b]ecause [plaintiff] has not established a risk of irreparable harm, the District Court did not act outside of its discretion in denying her motion for a preliminary injunction."); *Am. Express Travel Related Servs., Inc. v. Sidamon–Eristoff*, 669 F.3d 359, 374 (3d Cir. 2012) (declining to address the remaining preliminary injunction factors when the plaintiff failed to meet one factor). A party seeking a preliminary injunction must make "a clear showing of immediate irreparable injury." *Hohe v. Casey*, 868 F.2d 69, 72 (3d Cir. 1989). "Establishing a risk of irreparable harm is not enough." *ECRI v. McGraw–Hill, Inc.*, 809 F.2d 223, 226 (3d Cir. 1987) (citations and quotation omitted). "[T]o show irreparable harm, the plaintiff must demonstrate potential harm which cannot be redressed by a legal remedy." *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 801 (3d Cir. 1989). Economic loss does not constitute irreparable harm. *Acierno v. New Castle County*, 40 F.3d 645, 653 (3d Cir. 1994). The "loss of potential business opportunities, profits, customers, or contracts is compensable by money damages and does not constitute irreparable injury." *Apollo Tech. Corp. v. Centrosphere Indus. Corp.*, 805 F.Supp. 1157, 1209 (D.N.J. 1992) (*citing Instant Air*, 882 F.2d at 801; *Frank's GMC Truck Center, Inc. v. General Motors Corp.*, 847 F.2d 100, 102 (3d Cir. 1988); *In re Arthur Treacher's Franchisee Litigation*, 689 F.2d 1137, 1141 (3d Cir. 1982)). The Third Circuit has observed that "even when an action will result in the destruction of a business," a district court's refusal to grant a preliminary injunction is appropriate when the loss is "capable of ascertainment and

3

award at final judgment." *Figueroa v. Precision Surgical, Inc.*, No. 10–4449, 2011 WL 1368778, at *5 (3d. Cir. Apr. 12, 2011) (unpublished) (quoting *Instant Air*, 882 F.2d at 801)).

Plaintiff contends that he will suffer from "imminent" irreparable harm if he is not able to raise the 315 Bitcoins necessary for him to close the Stock Purchase Agreement with D9 Manufacturing, Inc. ECF No. 32 at 3 ¶ II. To raise such money, Plaintiff claims that "he requires the assets in his Interest Account." *Id.* Plaintiff further argues that if he is not able to raise the funds "he will have irreparably lost this transaction" and "his Standard Operating Procedures will have been lost to what will be a direct competitor, resulting in lost profits, lost future business, and loss of good will." *Id.* In opposition, BlockFi contends that Plaintiff's motion fails because "[a]ny harm Plaintiff purports to suffer from being unable to access the Preexisting Balance would be readily compensable in monetary damages." ECF No. 31 at 5 ¶ 2.

The Court finds that a preliminary injunction is inappropriate because Plaintiff has not established a likelihood of immediate irreparable harm. More specifically, Plaintiff has not demonstrated that his alleged harm is imminent and that he cannot be compensated by monetary damages. First, Plaintiff fails to show an immediate injury arising from the "freeze" on his Interest Account. Plaintiff claims that the Interest Account assets are essential to closing the Stock Purchasing Agreement, which expires on August 15, 2021. Despite this deadline, Plaintiff agreed to extend the parties' briefing on the instant motion until August 31, 2021, and a hearing at a time convenient for the Court on or after September 7, 2021. *See* Plaintiff's July 28, 2021 Letter, ECF No. 21 ("Levine respectfully requests that the Court attend to this motion in an expedited fashion, subject to the briefing schedule proposed by BlockFi"); *see also* BlockFi's July 27, 2021 Letter, ECF No. 20 ("Defendants respectfully request that the Court enter the following schedule in accordance with the Local Civil

4

Rules: opposition brief due August 24, 2021; reply papers due August 31, 2021; and a hearing at a time convenient for the Court on or after September 7, 2021.").

Moreover, Plaintiff delayed the filing of the instant order to show cause nearly two months following the commencement of this action. The initial Complaint was filed on May 28, 2021 and the application for an order to show case was filed on July 26, 2021. Thus, Plaintiff's own action, to wit: lack of urgency and delay in filing the application for an order to show cause, undermines any assertion of immediate irreparable harm. *See e.g., MNI Mgmt., Inc. v. Wine King, LLC*, 542 F. Supp. 2d 398, 403 (D.N.J. 2008) ("[I]nexcusable delay in seeking a preliminary injunction may defeat a movant's assertion of irreparable harm."); *see also Chaves v. Int'l Boxing Fed'n*, Civ. No. 16-1374, 2016 WL 1118246, at *2 (D.N.J. Mar. 22, 2016) (denying the plaintiff's application for an OTSC, finding "[T]he nature and extent of irreparable harm is not clear, given that [the p]laintiffs waited until the last minute to file this application").

Plaintiff also has not established that his alleged harm cannot be compensated by monetary damages. Plaintiff asserts that he will lose profits, future business, and goodwill if the injunction is not granted. ECF No. 32 at 3. Courts in this District have held that "loss of potential business opportunities, profits, customers, or contracts is compensable by money damages and does not constitute irreparable injury." *Apollo Tech. Corp*, 805 F.Supp. at 1209. Because Plaintiff fails to establish a likelihood of imminent, irreparable injury, which failure renders a preliminary injunction inappropriate, the Court denies Plaintiff's application for an order to show cause and a preliminary injunction.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff's Motion for an Order to Show Cause and Preliminary Injunction enjoining BlockFi to release the assets in Plaintiff's Interest Account [ECF No. 18] is **DENIED.**

_____
Julien Xavier Neals
United States District Judge